IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 09-231-TUC-RCC(BPV) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Ernesto Santiago-Garcia, | ) | |
| Defendant. | ) | |

The Court has reviewed the record from Ernesto Santiago-Garcia's hearing before the Magistrate Judge. The Court has read in its entirety the transcript of the proceedings, the testimony given therein, as well as the memorandum submitted by counsel. The Court has reviewed the Report and Recommendation written by the Magistrate Judge. The Court is in agreement with the Magistrate Judges' conclusion. Several things leap out at the Court, some of which I shall expound upon.

The Court finds it difficult to take all of Agent Celeya's testimony at face value because of the paucity of the report that he prepared, and he is the primary witness against the defendant. The Court finds that the only facts that raised Agent Celaya's suspicion of Mr. Santiago-Garcia was,

    1. That he had difficulty communicating with the vender, and;

    2. The fact that he and the group he was with split up.

1    It is not this Court's understanding that people who go to gun shows have to
2    always stay together and that they cannot split up. It is also not this Court's
3    understanding that people who go to gun shows must be able to converse with a
4    vendor in English.

5    Yet the suspicions that Agent Celaya talks about all arise out of those very
6    facts. Agent Celaya goes down to the floor to determine what is happening and gets
7    supposedly close enough to hear what the conversation is yet can relate none of the
8    conversation about what the defendant is saying even though he is shoulder to
9    shoulder and a Spanish speaker himself.

10    Agent Celaya then after watching the defendant purchase the ammunition with
11    cash money, the cash being rolled up in his pocket, finds that also suspicious because
12    he carries it in his pocket and not folded up. (The Court, by the way, carries its
13    money in his pocket).

14    He then says that Mr. Santiago-Garcia goes over to a refreshment area where
15    the other people are waiting. As that's being done he follows him to the area and he's
16    already calling for assistance. (Before the bag switch). He then follows them outside
17    after watching the ammunition being put in a bag, he claims, and watches them go get
18    into their car with Arizona license plates.

19    Now with the car running, Agent Celaya taps on the window and displays his
20    badge. Mr. Santiago-Garcia rolls down the window, seeing the badge and in response
21    he asks him if he can speak to him in Spanish, which he does. Very few people
22    believe that when a police officer taps on the window and displays his badge that they
23    have the right to drive off. Very few people believe that when a police officer asks
24    them if they can speak to them, that they have the right to say no. People believe that
25    when an officer asks you to get out of the car that you are not free to leave whenever
26    you wish. Particularly when the officer now has your keys and has turned off the car.
27
28

Agent Brostko testified that straw purchases of ammunition was not an issue because dealers are not required to fill out a ATF form 4473.

The Court finds in every respect that the Magistrate Judge was correct in its ruling. There was no founded suspicion, there was no reason whatsoever for Agent Celaya to approach this gentleman. The arrest was without probable cause.

**IT IS ORDERED ADOPTING** the Magistrate Judges' Report and Recommendation (#45).

**IT IS FURTHER ORDERED GRANTING** Defendant's Motion to Suppress (#13) and the statements and evidence are suppressed.

DATED this 10th day of September, 2009.

Raner C. Collins
United States District Judge